**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **KYOCERA COMMUNICATIONS, INC.,**<br><br>  Plaintiff,<br><br>  vs.<br><br>**ESS TECHNOLOGIES INTERNATIONAL, INC. and IMPERIUM (IP) HOLDINGS, INC.,**<br><br>  Defendants. | **Case No.: 12-CV-01195 YGR**<br><br>**ORDER GRANTING MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND** |

Plaintiff Kyocera Communications, Inc. ("Kyocera") brings this declaratory judgment action against Defendants ESS Technologies International, Inc. ("ESS Technolo*gies*") and Imperium (IP) Holdings, Inc. ("Imperium"), seeking a judgment of patent ownership, invalidity and non-infringement. Plaintiff seeks seven declaratory judgments: a declaratory judgment regarding the ownership of three patents (Count I); a judgment of non-infringement as to each of the three patents-in-suit (Counts II, IV, and VI); and a judgment of invalidity as to each of the three patents-in-suit (Counts III, V, and VII).

ESS Technology International, Inc. ("ESS Technolo*gy*") and Imperium have filed motions to dismiss the lawsuit on the grounds that Kyocera does not have standing to bring a claim for a declaratory judgment about their patent ownership, and because there is not a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment concerning whether Kyocera has infringed on Imperium's, ESS Technolo*gy*'s, or ESS Technolo*gies*' patents.

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **GRANTS** both motions **WITHOUT LEAVE TO AMEND**.[1]

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this motion, which has been noticed for hearing on July 3, 2012, is appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for July 3, 2012.

## I. BACKGROUND

On March 30, 2011, the Declaratory Defendant Imperium instituted a patent infringement action against the Declaratory Plaintiff Kyocera and others in the Eastern District of Texas. That lawsuit, entitled *Imperium (IP) Holdings, Inc. v. Apple Inc. et al.*, Case No. 4:11-CV-00163-MHS-ALM (E.D. Tex.) ("Texas Lawsuit"), accuses Kyocera of infringing U.S. Patent Nos. 6,271,884, 6,838,651, and 6,838,715 (the "patents-in-suit"). Kyocera answered and counterclaimed, seeking declaratory judgments of non-infringement and invalidity. Neither ESS Technolo***gies*** nor ESS Technolo***gy*** is a party to the Texas Lawsuit.

Kyocera claims that Imperium never secured an assignment of the patents-in-suit from ESS Technolo***gies***. It bases this assertion on a scrivener's error in the assignment from Pictos Technologies, Inc. ("Pictos"), a non-party to this action, to the intended assignee, ESS Technolo***gy*** International. On June 25, 2004, when Pictos assigned the patents-in-suit, the name used in the assignment contained the plural "Technolo***gies***" instead of the singular "Technolo***gy***." As a result, the patents-in-suit were assigned from Pictos to "ESS Technolo***gies*** International, Inc." Subsequently, on July 11, 2008, "ESS Technolo***gy***, Inc."[2] assigned the patents-in-suit to Imperium. Kyocera alleges that the assignment from ESS Technolo***gy*** to Imperium was invalid and ineffective because ESS Technolo***gy*** never had any patent rights to assign.

On March 9, 2012, Kyocera filed this declaratory judgment action against ESS Technolo***gies*** and Imperium in the Northern District of California, the judicial district in which Kyocera alleges ESS Technolo***gies*** resides, to have the Court decide ownership of the patents-in-suit. This case concerns the same patents asserted in the Texas Lawsuit. Kyocera contends that Imperium does not own the patents-in-suit, and that ESS Technolo***gies*** is the owner of the patents-in-suit.

On March 30, 2012, Kyocera filed a motion to dismiss for lack of standing in the Texas Lawsuit on the grounds that Imperium does not own the patents-in-suit. On June 4, 2012, Judge Mazzant, the assigned Magistrate Judge in the Texas Lawsuit, issued a report recommending that the motion be denied. *See* Dkt. No. 42, "Statement of Recent Decision." Kyocera filed Objections to the

---

[2] On March 6, 2011, approximately two-weeks prior to initiating the Texas Lawsuit, ESS Technolo***gy*** International, Inc. assigned the patents-in-suit to its parent company, ESS Technolo***gy***, Inc., retroactive to May 31, 2008.

2

Report and Recommendation on June 18, 2012. Imperium's Response to the Objections is due on or about July 2, 2012.

## II. LEGAL STANDARD

The Declaratory Judgment Act provides that: "In a case of actual controversy within its jurisdiction . . . any court in the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The phrase "a case of actual controversy" refers to the types of "cases" and "controversies" that are justiciable under Article III of the Constitution. *3M Co. v. Avery Dennison Corp.*, 673 F.3d 1372, 1376 (Fed. Cir. 2012). To present a "case or controversy," the dispute must be "real and substantial" and "definite and concrete, touching the legal relations of parties having adverse legal interests[.]" *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007); *see Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1339 (Fed. Cir. 2008) (controversy "must be based on a real and immediate injury or threat of future injury that is caused by the defendants–an objective standard that cannot be met by a purely subjective or speculative fear of future harm.").

The test for determining subject matter jurisdiction over a declaratory judgment action is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune*, *supra*, 549 U.S. at 127. In patent cases, declaratory judgment jurisdiction exists "where a patentee asserts rights under a patent based on certain identified ongoing or planned activity of another party, and where that party contends that it has the right to engage in the accused activity without license." *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1381 (Fed. Cir. 2007). Thus, "the existence of a patent is not sufficient to establish declaratory judgment jurisdiction." *Prasco*, *supra*, 537 F.3d at 1338. Rather, the party invoking the Court's jurisdiction must point to "some affirmative act by the patentee" that forms the basis for an actual controversy between the parties. *Id*. at 1338-39.

### III. DISCUSSION

#### A. DECLARATORY JUDGMENT REGARDING OWNERSHIP RIGHTS OF PATENTS-IN-SUIT

With respect to Count I, which seeks a declaratory judgment regarding patent ownership, Kyocera does not have standing to adjudicate the ownership rights to patents that Kyocera does not own or purport to own. *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) (the critical question is whether "the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant *his* invocation of federal-court jurisdiction.") (emphasis in original) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). Moreover, because this standing defect cannot be cured by amendment, this Count must be dismissed with prejudice.

Based on the foregoing analysis, the Court **DISMISSES WITH PREJUDICE** Count I of the Complaint, which seeks a declaratory judgment of other companies' ownership rights of patents.

#### B. DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY AGAINST IMPERIUM

Imperium sued Kyocera in the Texas Lawsuit for infringement of the patents-in-suit, and thus, there is "a case of actual controversy" over infringement of valid patents. This action is duplicative of the Texas Lawsuit, as Kyocera's counterclaim in that proceeding seeks the same declaratory judgments of non-infringement and invalidity against Imperium that Kyocera seeks in this action. Permitting multiple lawsuits to adjudicate the same issues would serve no purpose of judicial administration and would risk inconsistent rulings on the patents' validity, enforceability, and ownership. The goal of judicial efficiency will not be served by adjudicating this declaratory judgment action. Therefore, the Court will exercise its discretion under both the first-to-file rule and the declaratory judgment act and decline to exercise jurisdiction over the claims.

Based on the foregoing analysis, the Court **DISMISSES** Counts II through VII against Imperium.

#### C. DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY AGAINST ESS TECHNOLO*GIES*

Next, the Court will address whether there is "a case of actual controversy" concerning Kyocera's infringement of patents owned by ESS Technolo*gies*. Although Kyocera alleges that it fears that ESS Technolo*gies* may sue it for patent infringement, the Complaint does not identify a single affirmative act by ESS Technolo*gies* that would create an objective fear of suit; Imperium's

4

assertion of patent rights, which Kyocera claims belong to ESS Technolo*gies*, does not constitute an affirmative act by ESS Technolo*gies*.

While it is apparent that there is no justiciable controversy between ESS Technolo*gies* and Kyocera concerning patent infringement, there does appear to be a controversy between ESS Technolo*gy* and Kyocera concerning whether ESS Technolo*gy* can challenge this lawsuit on behalf of ESS Technolo*gies*. ESS Technolo*gy* argues that Kyocera either seeks a declaration against a non-existent entity (ESS Technolo*gies*), or against an entity that does not own the patents-in-suit (ESS Technolo*gy*). According to ESS Technolo*gy*, because ESS Technolo*gies* never existed, ESS Technolo*gies* never had and does not have any rights in the patents-in-suit. As such, ESS Technolo*gy* argues, a declaratory judgment action against ESS Technolo*gies* cannot be maintained. On the other hand, ESS Technolo*gy* argues that if ESS Technolo*gy* is considered the proper party in this declaratory judgment action, which Kyocera steadfastly disputes, then it also is not the owner of the patents-in-suit, having assigned all rights to the patents-in-suit to Imperium. *See* Dkt. No. 18 at ¶ 9, 10, 11 and Exs. A and B.[3]

Kyocera counters that because the only named Defendants are Imperium and ESS Technolo*gies*, that ESS Technolo*gy*'s "requested relief is nonsensical because . . . it was not named in the lawsuit." KCI's Opp'n to ESS 6. Kyocera argues that ESS Technolo*gies* has not entered an appearance in this case or filed a response to Kyocera's Complaint. Thus, Kyocera argues, because ESS Technolo*gy* is not a party to this case, ESS Technolo*gy*'s motion to dismiss cannot secure dismissal of ESS Technolo*gies* from this case.

The Court has the inherent power to dismiss the action on its own initiative. *See Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A District Court may properly on its own

---

[3] ESS Technolo*gy* also challenges the sufficiency of process. It argues that ESS Technolo*gies* does not exist and thus has not been served, and to the extent the Complaint is directed to ESS Technolo*gy*, the summons identifies the wrong entity, ESS Technolo*gies*. Kyocera argues that the form and content of the summons are correct because the summons was directed towards ESS Technolo*gies*, the named defendant in this action. Dkt. No. 25, at 7-8. Additionally, Kyocera argues that service on ESS Technolo*gies* was proper as evidenced by the Proof of Service on ESS Technolo*gies*, Dkt. No. 8; Kyocera contends this is *prima facie* proof of valid service that only may be rebutted by the entity allegedly served (and not by a third party). The Court disagrees that Kyocera has made a *prima facie* showing of valid service on ESS Technolo*gies*. Putting aside the issue of whether ESS Technolo*gies* actually exists, Kyocera has not introduced evidence that the individual served is authorized to accept service on behalf of ESS Technolo*gies*.

motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related."). The Ninth Circuit has upheld dismissal with prejudice in favor of a party that has not yet appeared on the basis of facts presented by other defendants that have appeared. *Id.* (cited in *Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery*, 44 F.3d 800 (9th Cir. 1995). Here, either ESS Technolo*gies* exists and ESS Technolo*gy* has made arguments on its behalf, or ESS Technolo*gies* does not exist and it would be an exercise in futility to continue a lawsuit against it. Either way, the Court is satisfied that Kyocera has had an opportunity to contest the dismissal of its claims against ESS Technolo*gies* for lack of subject matter jurisdiction based on the arguments presented in ESS Technolo*gy*'s motion to dismiss. The Court will not elevate form over substance and ignore these arguments. Under all the circumstances, there is not a justiciable controversy between Kyocera and ESS Technolo*gies* that warrants the issuance of a declaratory judgment.

Based on the foregoing analysis, the Court **DISMISSES WITH PREJUDICE** all claims against ESS Technolo*gies*.

## IV. CONCLUSION

The Motions to Dismiss are **GRANTED WITHOUT LEAVE TO AMEND**.

All claims against ESS Technologies International, Inc. are **DISMISSED WITH PREJUDICE**.

Count I, which seeks a declaratory judgment regarding patent ownership, is **DISMISSED WITH PREJUDICE**. The Court will exercise its discretion and **DISMISS** the remaining claims against Imperium (IP) Holdings, Inc. **WITHOUT PREJUDICE** to allow Kyocera Communications, Inc. to maintain a counterclaim in *Imperium (IP) Holdings, Inc. v. Apple Inc. et al.*, Case No. 4:11-CV-00163-MHS-ALM (E.D. Tex.).

This Order Terminates Docket Numbers 16 & 23.

**IT IS SO ORDERED**.

Date: June 27, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**